IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01689-BNB

BRIAN PATRICK SPENSER PERCEVAL,

    Plaintiff,

v.

GRAYSON ROBINSON, Sheriff,
MRS. ELAINE, HSA,
JOHN DOE I, Deputy Sheriff,
JOHN DOE II, Deputy Sheriff,
JOHN DOE III, Deputy Sheriff,
JANE DOE I, Nurse,
JANE DOE II, Nurse, and
JANE DOE III, Nurse,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Brian Patrick Spenser Perceval, was an inmate at the Arapahoe County Jail in Centennial, Colorado, when he initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). At the time he initiated this action, Mr. Perceval also advised the court in a letter (ECF No. 4) that he would be released on bond the following week. Mr. Perceval asserts claims pursuant to 42 U.S.C. § 1983 in which he alleges that his rights under the United States Constitution were violated in May 2012 while he was confined at the Arapahoe County Jail. He seeks damages as well as declaratory and injunctive relief.

    The court must construe the Prisoner Complaint liberally because Mr. Perceval is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Perceval will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Perceval fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege specific facts that identify who he is suing and what each named Defendant did that violated his constitutional rights.  Mr.

Perceval lists eight Defendants in the Prisoner Complaint, six of whom are identified as John or Jane Does.  Mr. Perceval may use fictitious names if he does not know the real names of the individuals who allegedly violated his rights, but he still must provide sufficient information about each defendant so that it is clear what each Defendant allegedly did and so that he or she can be identified for purposes of service.  For example, Mr. Perceval alleges in his first claim that the three John Doe Defendants denied him certain hygiene supplies for a period of days in May 2012 without alleging what each individual John Doe Defendant did or when he did it.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Mr. Perceval will be ordered to file an amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

In order to state a claim in federal court Mr. Perceval "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if

such deterrence fails."). Therefore, Mr. Perceval should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Perceval must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation." *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Perceval file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Perceval shall obtain the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Perceval fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 25, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge